IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
                                         :
       v.                         :
                                         :
A Kensington Joint, LLC,      :
and Adam Ehrlich,           :   No. 1012 C.D. 2023
               Appellants    :   Submitted: May 6, 2025

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                FILED: June 11, 2025

A Kensington Joint, LLC (the LLC) and Adam Ehrlich (Ehrlich) (collectively, Appellants) appeal from the September 5, 2023 Order of the Court of Common Pleas of Philadelphia County (Trial Court). The Trial Court's order granted the City of Philadelphia's (City) second Emergency Petition for Order to Vacate and Demolish, authorizing the demolition of Appellants' property located at 2837 Kensington Avenue in the City of Philadelphia (Property). The Trial Court's order also held Ehrlich individually and jointly liable with the LLC for the security and demolition costs assessed by the Trial Court. Upon review, because we conclude that the Trial Court's order was interlocutory, we quash this appeal.

## I. Background and Procedural Posture

This code enforcement matter returns on appeal from the Trial Court following proceedings pursuant to this Court's previous remand at *City of Philadelphia v. A Kensington Joint, LLC*, 301 A.3d 988 (Pa. Cmwlth.), *appeal denied*, 309 A.3d 692 (Pa. 2023) (*Kensington I*), which concerned the City's first

Emergency Petition for Order to Vacate and Demolish (First Demolition Petition). Briefly, in *Kensington I*, the City sought demolition of the Property based on alleged violations of The Philadelphia Code of General Ordinances (Code).[1]  Appellants therein alleged that the Trial Court erred by granting the First Demolition Petition and entering an order/preliminary injunction authorizing the City to enter, inspect, empty, and/or demolish the Property (First Demolition Order) based on insufficient evidentiary support.  On review, this Court affirmed the First Demolition Order to the extent it ordered the preliminary relief of entering and inspecting the Property and vacating the occupants of the Property, but vacated the First Demolition Order to the extent it simultaneously allowed demolition as a remedy to abate Code violations at the Property based on the then-existing record.  *See Kensington I*, 301 A.3d at 1004.  The Court then remanded the matter for further proceedings on an expedited basis.[2]  *See id.*

Following remand,[3] the City filed its second Emergency Petition for Order to Vacate and Demolish (Second Demolition Petition), once again seeking authority to demolish the Property based on further inspections conducted following this Court's determination in *Kensington I*.  The Trial Court conducted multiple days of hearings on the Second Demolition Petition and thereafter entered a second order

---

[1] Phila., Pa., Code §§ 1-101 to 22-1409 (2020).

[2] In remanding, this Court expressly observed that nothing in the *Kensington I* decision "preclude[d] the City from pursuing further remedies, including demolition, based on newly acquired evidence or evidence newly presented to the Trial Court on remand." *Kensington I*, 301 A.3d at 1004 n.19.

[3] We observe that Ehrlich, acting *pro se*, filed an Emergency Petition for Allowance of Appeal regarding this Court's decision in *Kensington I* to the Pennsylvania Supreme Court, which the Supreme Court denied by order dated December 13, 2023. *See City of Phila. v. A Kensington Joint, LLC*, 309 A.3d 692 (Pa. 2023).

authorizing the demolition of the Property. *See* Order and Permanent Injunction filed September 5, 2023 (Second Demolition Order),[4] at 1-5. In addition to authorizing the demolition of the Property, the Second Demolition Order held Ehrlich individually and jointly liable with the LLC for the security and demolition costs incurred in the demolition of the Property.[5] *See* Second Demolition Order at

---

[4] The Trial Court elected to allow the Second Demolition Order, which includes its reasons, findings, and conclusions of law regarding the Second Demolition Petition, to stand as its Pennsylvania Rule of Appellate Procedure 1925(a) opinion in the instant appeal. *See* Notice of No Supplemental 1925(a) Opinion filed October 6, 2023.

[5] Specifically, the Second Demolition Order stated:

> 8. [Appellants], [the] LLC[] and [] Ehrlich[,] are individually and jointly responsible for all costs incurred by the [] City [] for abatement, employed security measures, and demolition work performed upon the Property and its adjacent side and rear lots and within the connected alleyway or breezeway.
>
> 9. [Appellants], [the] LLC[] and [] Ehrlich[,] are individually and jointly responsible for payment of the 21% administrative fee in accordance with the applicable provisions of the [] Code.
>
> 10. [Appellants], [the] LLC[] and [] Ehrlich[,] are individually and jointly responsible for all costs incurred by the City [] to facilitate the terms and conditions of th[e Second Demolition] Order, including the cleaning, sealing, securing, boarding, vacating, protecting, and demolishing of the Property and the referenced adjoining side and rear lots and easement alleyway consistent with the terms and conditions of th[e Second Demolition] Order.
>
> 11. The City [] shall assess, bill, and provide due notice of the assessment to [Appellants] for all incurred costs as recited in the [Second Demolition] Order in accordance with the applicable provisions of the [] Code and the Pennsylvania Municipal [Claims and] Tax [] Liens Act[, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7455].

3-4. Appellants immediately appealed, but did not request a stay of demolition. *See* Notice of Appeal filed September 5, 2023. Demolition of the Property commenced the next day, September 6, 2023, and was completed within days. The Second Demolition Order also purported to retain jurisdiction to conduct proceedings related to the assessment of costs. *See* Second Demolition Order at 4. Based on this retention of jurisdiction, the Trial Court is currently conducting separate hearings pertaining to the costs of security and demolition in this matter. *See* Trial Court Docket, *City of Phila. v. A Kensington Joint, LLC* (Phila. C.P., No. 230702222); *see also* City's Br. at 24-25 & 27 (stating that "the City's enforcement action is still ongoing in the [T]rial [C]ourt. In its current phase, that litigation focuses on the City's effort to seek statutory fines from [] Ehrlich personally, in addition to the LLC" and describing the "ongoing proceedings" as proceedings "seeking to hold [] Ehrlich personally liable for the statutory fines (including via piercing the corporate veil)"). However, the Trial Court has yet to formally impose final security and demolition costs.

On September 17, 2024, the City filed an Application to Quash Appeal for Lack of Jurisdiction and to Stay Briefing Schedule (Application to Quash), to which Appellants filed an answer on September 30, 2024. *See* Application to Quash; *see also* Answer to Application to Quash Appeal filed September 30, 2024. This Court then directed the Application to Quash and Appellants' response thereto be

---

12. Until paid in full, the assessed costs by [the City] pursuant to the direction of th[e Trial] Court with the [Second Demolition] Order shall act as a municipal lien against the Property as the subject premises upon the filing of the City [] in accordance with the [] Code and the Pennsylvania Municipal [Claims and] Tax [] Liens Act.

Second Demolition Order at 3-4.

4

listed for disposition with the merits of this appeal. *See* Commonwealth Court Order, November 4, 2024.

## II. Issues

On appeal,[6] Appellants raise two related claims for this Court's review. First, Appellants claim the Trial Court erred by holding Ehrlich individually and jointly liable for the costs associated with vacating, securing, and demolishing the Property without first providing Ehrlich an opportunity to be heard on the issue of his personal liability for the LLC's obligations. *See* Appellants' Br. at 4 & 19-23. Second, Appellants claim that the Trial Court erred by piercing the corporate veil to hold Ehrlich jointly and severally liable for the LLC's obligations for Code violations. *See* Appellants' Br. at 4 & 22-27.

## III. Discussion

We first address the City's claim that this Court lacks jurisdiction because the portion of the Second Demolition Order being appealed is interlocutory, as it is dispositive. *See* City's Br. at 27-30. The City claims that, because Appellants did not request a stay of the portion of the Second Demolition Order that permitted demolition and the Property has now been demolished, only the portion of the Second Demolition Order holding Ehrlich individually jointly and severally liable for certain costs remains in dispute. *See* City's Br. at 27-30. The City argues that, because the Trial Court retained jurisdiction for the limited purpose of conducting further proceedings to assess/impose the final costs herein, which costs have yet to

---

[6] "[W]hen reviewing the grant or denial of a final or permanent injunction, an appellate court's review is limited to determining whether the trial court committed an error of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." *Gun Owners of Am., Inc. v. City of Phila.*, 311 A.3d 72, 81 n.8 (Pa. Cmwlth. 2024), *appeal granted in part*, No. 84 EAL 2024 (Pa. Feb. 18, 2025).

be assessed/imposed, the portion of the Second Demolition Order holding Ehrlich personally liable for security and demolition costs is interlocutory and non-appealable. *See id.* We agree.

"In order to appeal to this Court as a matter of right, a party generally must take an appeal from a final order as defined by [Pennsylvania] Rule [of Appellate Procedure] 341 [(Rule 341)].[7]" *Phila. Cmty. Dev. Coal., Inc. v. Phila.*

---

[7] Rule 341 provides, in pertinent part:

> **(a) General Rule.** Except as prescribed in subdivisions (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order.** A final order:
>
> (1) disposes of all claims and of all parties;
>
> (2) (Rescinded);
>
> (3) is entered as a final order pursuant to subdivision (c) of this rule; or
>
> (4) is an order pursuant to subdivision (f) of this rule.
>
> **(c) Determination of Finality.** When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.
>
> . . . .

Pa.R.A.P. 341.

*Redevelopment Auth.*, 298 A.3d 172, 176 n.8 (Pa. Cmwlth. 2023) (quoting *Saint Joseph Hosp. v. Berks Cnty. Bd. of Assessment Appeals*, 709 A.2d 928, 934 (Pa. Cmwlth. 1998)).  As this Court has observed:

> Ordinarily, a final order is any order that disposes of all claims and of all parties or is expressly defined as a final order by statute.  Pa.R.A.P. 341(b)(1), (2).  Appeals are permitted only from final orders so as to prevent piecemeal determinations and the consequent protraction of litigation.  The general rule that a final order is required before an appeal may be taken is fundamental to the exercise of jurisdiction by the appellate court and is rigorously applied.

*Brophy v. Phila. Gas Works*, 921 A.2d 80, 86 (Pa. Cmwlth. 2007) (some internal citations omitted).  This Court has determined that, where a trial court order permits demolition, allocates the conditional costs of the demolition to a party, and retains jurisdiction to determine the final costs at subsequent hearings, the portion of the order conditionally allocating the costs is interlocutory and not final for purposes of appeal.  *See Twp. of Middletown v. Pa. Pub. Util. Comm'n*, 729 A.2d 640, 644 (Pa. Cmwlth. 1999) (holding that where an order allocating initial costs of demolition of a bridge specified that the trial court would conduct further hearings regarding the final cost allocation following completion of the demolition, the order was interlocutory and not final); *see also Parkesburg Borough v. Pa. Pub. Util. Comm'n*, 681 A.2d 872 (Pa. Cmwlth. 1996) (finding an order requiring a borough to bear the initial costs of preparing plans for bridge demolition to be interlocutory where the order contained conditional language and failed to advise that appeal rights could be exercised); *City of Phila. v. Pa. Pub. Util. Comm'n*, 458 A.2d 1026 (Pa. Cmwlth. 1983) (finding that an order of the Pennsylvania Public Utility Commission that final

allocation of costs for an ordered installation of traffic signals was to be held in abeyance until completion of the project was not final and not reviewable by this Court); *City of Phila. v. Zaccone* (Pa. Cmwlth., No. 535 C.D. 2020, filed July 14, 2021),[8] slip op. at 9-10 (dismissing appeal as interlocutory where trial court order held matter in abeyance where total fines and costs were indeterminate and to be ascertained in further hearing).

Here, the Second Demolition Order permitted the demolition of the Property and included the following provision retaining jurisdiction to conduct proceedings related to the assessment of costs:

> 14.  In the exercise of judicial economy, following the parties' exercise of statutorily provided administrative remedies and review of cost assessments, this [c]ourt shall retain jurisdiction for the limited purpose of conducting further proceedings to resolve any statutory agency appeals of the cost assessments, bills, judgments, and liens that had been charged by the [City] upon [Appellants] resulting from the instant Order.

Second Demolition Order at 4.  This portion of the Second Demolition Order that covers the allocation of conditional costs to be ascertained/finalized/imposed at a later hearing – by virtue of the demolition of the Property, the only portion of the Second Demolition Order remaining to appeal – is interlocutory and not final for purposes of appeal.  *See Twp. of Middletown*, 729 A.2d at 644.  The Trial Court is currently conducting hearings to determine the costs of security and demolition in this matter, including the parties' liability therefor.  *See* Trial Court Docket, *City of Phila. v. A Kensington Joint, LLC* (Phila. C.P., No. 230702222); *see also* City's Br.

---

[8] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

at 24-25, 26-27. The parties will be able to appeal the Trial Court's order resulting from those proceedings once rendered, if desired. Accordingly, quashal of the instant appeal is appropriate.

## IV. Conclusion

For the reasons stated above, we grant the Application to Quash and quash this appeal.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia        :
       :
       v.        :
       :
A Kensington Joint, LLC,        :
and Adam Ehrlich,        :   No. 1012 C.D. 2023
       Appellants        :

**O R D E R**

AND NOW, this 11th day of June, 2025, the Application to Quash Appeal for Lack of Jurisdiction and to Stay Briefing Schedule filed by the City of Philadelphia on September 17, 2024, is GRANTED. The appeal in the above captioned matter is QUASHED.

_____
CHRISTINE FIZZANO CANNON, Judge